COURT OF APPEALS OF VIRGINIA

Present: Judges Fitzpatrick, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


UNITED AIRLINES, INC.
                                        MEMORANDUM OPINION[*] BY
v.          Record No. 2081-95-4        JUDGE JOHANNA L. FITZPATRICK
                                             OCTOBER 1, 1996
MAUREEN COGBURN

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION
          M. Lynn McHale (Siciliano, Ellis, Dyer &
          Boccarosse, on brief), for appellant.

          Christopher Paul Schewe (Cake, Rhoades &
          Schewe, P.C., on brief), for appellee.


     United Airlines, Inc. (employer) appeals the commission's

decision awarding benefits to Maureen Cogburn (claimant) for her

carpal tunnel syndrome.  Employer argues that the commission

erred in:  (1) relying upon flawed medical opinions; and (2)

finding that claimant proved that her carpal tunnel syndrome was

caused by her employment.  Based on the Virginia Supreme Court's

decision in Stenrich Group v. Jemmott, 251 Va. 186, 467 S.E.2d

795 (1996), we reverse the commission's award of benefits.

     Claimant began working for employer as an airline

reservationist on July 24, 1989.  As part of her employment,

claimant worked on a keyboard for eight to ten hours a day.  In

1991, claimant began to notice problems with her hands and

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not

designated for publication.

wrists.  Claimant's problems became more severe, and beginning in June 1993, she experienced numbness, tingling, and a loss of control over the keys on her keyboard.  She began treatment with Dr. Jimmy Chow in October 1993.  He diagnosed her with carpal tunnel syndrome, identified it as an occupational disease, and linked her condition to the repetitive motions she made in the course of her employment.  Dr. James R. Malcolm, an independent medical examiner, disagreed with Dr. Chow's diagnosis that the cause of claimant's condition was work-related and found that her symptoms could not be directly linked to her employment.

In an opinion dated August 22, 1995, the commission acknowledged the contrary medical opinions of the physicians, but relied upon Dr. Chow's findings and concluded that claimant had presented clear and convincing evidence that her carpal tunnel syndrome was caused by her employment.  The commission awarded claimant temporary disability benefits of $282 per week beginning December 24, 1993 and continuing.

The Virginia Supreme Court's recent decision, Stenrich Group, 251 Va. 186, 467 S.E.2d 795, controls the issue of coverage under workers' compensation for carpal tunnel syndrome.  In that case, the Court found that "the evidence conclusively establishe[d] that [claimants] Jemmott and Martin suffer from carpal tunnel syndrome . . . which all parties agree [was] gradually incurred."  Id. at 192, 467 S.E.2d at 798.  Those claimants, like the claimant in the instant case, argued that

2

their carpal tunnel syndrome was a compensable occupational disease. The Supreme Court responded as follows:

> [J]ust because a doctor opines that a particular impairment is a disease does not necessarily make it so. . . . [W]hether a claimant suffers from a disease within the contemplation of the [Workers' Compensation] Act is a mixed question of law and fact, and whether a proper definition has been used to test the authenticity of a doctor's opinion is a strictly legal question.

Id. at 198, 467 S.E.2d at 801. The Supreme Court held that "impairment[s] resulting from cumulative trauma caused by repetitive motion . . . must be classified as an injury, not a disease." Id. at 198, 467 S.E.2d at 802. The Supreme Court concluded that "job-related impairments resulting from cumulative trauma caused by repetitive motion, however labelled or however defined, are, as a matter of law, not compensable under the present provisions of the [Workers' Compensation] Act." Id. at 199, 467 S.E.2d at 802.

Thus, under Stenrich Group, carpal tunnel syndrome is not compensable under workers' compensation either as an occupational disease or as an injury because "gradually incurred injuries are not compensable." Id. at 194, 467 S.E.2d at 789. Claimant suffered from carpal tunnel syndrome, and the commission erred in awarding her benefits.

Accordingly, the decision of the commission is reversed. Because we reverse the commission's award of benefits, the issue of whether the commission erred in relying on certain medical

3

opinions is moot.

                                        <u>Reversed</u>.